## PRIORITY BETWEEN INCHOATE DOWER AND A MECHANIC'S LIEN.

Superior Court of Cincinnati.

J. ST. CLAIR GLASSMEYER v. NATHAN A. MICHELSON, THE PENN. MUTUAL LIFE INSURANCE COMPANY, A CORPORATION UNDER THE LAWS OF PENNSYLVANIA AND SAMUEL L. MATZ.

Decided, October 13, 1921.

*Dower—Can not be Reduced or the Right Thereto Destroyed—But is Paramount to Contracts Entered into by the Husband—Inchoate Dower Takes Preference over a Mechanic's Lien.*

1. Inchoate dower right has priority over a mechanic's lien.
2. Where a mechanic or materialman furnishes labor and material under a contract with the husband alone, adding labor and materials to his separate realty improvement and the wife is not a party to the contract and has not given any release, her inchoate dower right is paramount to the right of the mechanic's lien.
3. The mechanic is presumed to know that the impovements added to the husband's real estate became part thereof, which real estate was subject to the inchoate dower right, and hence the risk was his.

*L. B. Sawyer* and *Lem S. Miller,* for plaintiff.

*M. L. Buchwalter,* for The Penn. Mutual Life Insurance Co.

*Connolly & Bradley,* for Nathan A. Michelson and Rae Michelson.

*Samuel I. Lipp,* for Samuel L. Matz.

GUSWSILER, J.

This is an action to marshall liens, and we are asked to determine the rights of plaintiff as a mechanic, labor and material lien claimant, the rights of three different mortgage claims and the rights of an inchoate dower claim.

In an opinion handed down previous to this date upon hearing had, this court made a finding in favor of the validity and amount of plaintiff's claim under the mechanics lien law of this

state. We come now to a point where decision must be made as to the priority of the claim of the plaintiff. The Penn. Mutual Life Insurance Company, claiming first mortgage lien, by common consent and agreement of all the parties in interest and of all counsel, the lien of this defendant as first lien and as to the amount is settled and determined and will be allowed as prior to all claims of the parties in this action. The next important question for our consideration is the right of Rae Michaelson, wife of Nathan A. Michaelson, one of the defendants to claim her inchoate dower right as against plaintiff, J. St. Clair Glassmeyer, who holds a valid claim for work, labor and materials furnished upon real estate belonging to the husband as allowed under the mechanic's lien law. The contention is, as to priority of liens between an inchoate dower right and a mechanic's lien.

This exact issue has never been determined in Ohio. While the General Code of Ohio expressly defines the dower rights of a widow or widower and defines how inchoate dower may be released, and defines the lien rights of mechanics or materialmen, there is no legislation or case authority determining the priority of one over the other as far as has been brought to our attention.

Counsel for plaintiff contend that General Code, Sections 8318 and 8323-9 have application in the case at bar. After careful examination and consideration, we are of the opinion to the contrary. Counsel for plaintiff also contend, and this contention at first blush appeals and carries the force of logic and reason, that it would defeat the purposes of the mechanic's lien law to permit the wife to acquiesce in the alteration and improvement of a building upon her husband's real estate and not object to so doing, and later interpose her dower rights as superior to the lien for the alteration and improvement that contributed to the value of the building and real estate. However, when this view is carefully considered, we must admit that the mechanic was bound to know that the labor and materials he added to the building became a part thereof, a part of the realty of the husband in which the wife had an inchoate dower right which would become a vested interest on death of the husband.

He took this risk and chance and could have protected himself by proper security against this hazard.

The evidence discloses no proof that the wife by any act or release waived her inchoate right of dower as to the mechanic's lien. Counsel for plaintiff objected to the wife filing a pleading at this time setting up her claim of inchoate dower right against the plaintiff's mechanic's lien. We believe that it makes little difference (and in this case the wife was served with process and the question of her right is surely before the court), whether she file answer or be in default; if she legally is entitled to dower claim, it can not be taken away by her being in default. *Jewett* v. *Weldheiser*, 68 O. S., 523.

We are of the opinion that a wife's dower is not subject to a mechanic's lien. See *Wilkinson on Mechanics Liens*, p. 33; *Rockel on Mechanics Liens, Sections* 148 and 152; *Boisot on Mechanics Liens,* Sections 126, 127; *Kneeland on Mechanics Liens,* Second Edition, Sections 24, 25; *Wykes on Mechanics Liens,* Section 18; 19 Corpus Juris, p. 490.

An inchoate dower right will not constitute an ownership within the meaning of the lien act. When dower has been assigned and doubtless after the death of her husband, the widow may charge her separate interest by improvements or alterations ordered by her. If she can not subject her inchoate right of dower during the life of her husband to a mechanic's lien, it follows that it will not be charged by a lien for materials furnished under a contract with the husband although it increases the value of her contingent dower interest. Nothing but a release in due form made by the wife personally, will effect her rights in this respect. Where one statute gives the wife dower in all her husband's real estate and the other statute gives a mechanic's lien in the same property to the extent of the work done thereon, the difficulty must be solved by the application of general principles.

The improvements made in the case at bar became real estate. The wife's dower is a favorite of the law, not resting upon contract, but resulting from the marriage relation. Her's is the older lien. The mechanic bestowed his labor in contemplation of law,

with full knowledge of the prior right of inchoate dower in the real estate, and he is presumed to know that the improvements he was adding to the real estate of the husband became part of the realty and was subject to the inchoate dower right of the wife.

In the case of *Johnston et al* v. *Dahlgren, et al,* 36 B. Y. S., p. 806; it was held:

"that a wife's inchoate dower right was not subject to a mechanic's lien."

In *Stewart, etc.,* v. *Wicher et al,* 168 Iowa, 269, it was held:

"that dower attaches upon the concurrence of seizin of the husband and coverture of the wife, and continues thereafter as an encumbrance upon the land and fully becomes vested upon the death of the husband, freed from liability for his debts; that the mechanic's lien was subordinate to the widow's dower right."

In the case of *Shaefer et al* v. *Weed et al,* 8 Ill., p. 511, it was held:

"that a widow's dower can not be affected by the lien created by the statute for the benefit of mechanics, etc.; but she is entitled to her dower in all the real estate in which her husband was seized during coverture, unless she has released it in the form prescribed by law."

In *Bishop* v. *Boyle,* 9 Ind., p. 169, it was held,

"that the widow's right of dower extended to and included a house erected on lands of her husband and that her claim was superior to a mechanic's lien for which the property was sold to enforce said lien.

See also *Pifer* v. *Ward et al,* 8 Blachf. Rep., 252.

In 23 Ill. page 634, *Gove et al* v. *Cather,* the court held,

"the enforcement of a mechani's lien does not cut off dower. It was contended in this case that the right of the mechanic and materialmen was paramount to the dower claim so far at least as regards the improvements out of which the liens arose."

In that case as in the case at bar, the improvements were made and materials furnished upon the property of her husband—were on his land—in which she had a right of dower and by no act, contract, or other transaction of the husband could that right be taken from her. The wife in the instant case had nothing to do with the transactions out of which the lien arose. They were the acts of her husband alone. The labor and materials were added to and became a part of the land and the mechanic is bound to know that dower right would attach and on the death of the husband vest in his widow. This risk he chose to run. He could have protected himself by proper security against this hazard.

In *Mark* v. *Murphy et al*, 76 Ind., p. 534, it was also held:

"that the liens of a mechanic or materialmen were not entitled to priority over the inchoate interest of the wife."

We do not think that the provision of the General Code, Section 8310, creating the mechanic's and materialmen's liens affect or was intended by the legislature to affect in any manner, the inchoate interest of a married woman in her husband's real estate. Section 8606 gives a married woman an inchoate interest in the lands of her husband and provides that such interest may become vested and absolute upon the happening of certain events We are clearly of the opinion that the lien law of this state does not give the liens of mechanic's and materialmen any priority over an inchoate interest of a married woman in the real estate of her husband.

It follows, therefore, concluding as we do that Rae Michelson, wife of the defendant, Nathan A. Michelson, one of the defendants, is allowed upon the full selling price of the real estate in question, her full inchoate dower claim against the lien of the plaintiff, J. St. Clair Glassmeyer, computed under the laws of this state based upon the mortality tables.

As against the second mortgage claim of the defendant, Samuel L. Matz, the wife having released her inchoate dower right with her husband in said mortgage, her inchote dower claim is subject thereto.

Now we come to the question of the amount and priority of the second mortgage held by the defendant Samuel L. .Matz, as against the plaintiff's mechanic's lien and as against the defendant Nathan A. Michelson. This mortgage originally was for $15,500. One thousand ($1,000) having heretofore been paid, the claim is now made for $14,500, with interest from June 18th, 1919. The defendant, Nathan A. Michelson, having admitted the sum of $14,500 due upon said claim, in favor of the mortgagee, a judgment for said amount with interest from June 8, 1910 against said Nathan A. Michelson may be taken.

The evidence discloses that the plaintiff by writing released his claim against this second mortgage up to an amount equal to $15,000, but contends that the release was given with the understanding and expectation that Matz was to give Michaelson this sum, and Michaelson was to pay the plaintiff, Glassmeyer this sum of $15,000, while as a matter of fact only $5,950 was paid at one time and $500 another, making a total of $6,450. No attack formally has ever been made to set aside this release but plaintiff contends by his counsel that as against the second mortgage in favor of the defendant, Matz, said mortgage is prior only to the extent of the sum of $6,450 and no more.

Counsel for plaintiff also contends that the items making up the total of the $15,500, recited in said second mortgage were bonus and past indebtedness between the parties and were to some extent not of value or proper as a matter of law, and that only to the extent of the amount Michaelson paid to him, the plaintiff, should said lien hold priority over plaintiff's mechanic's lien.

As a matter of law can plaintiff raise this contention? Can he, not being a party in interest attack the consideration of this mortgage. Can he complain about usury or bonus or past consideration in a mortgage where he is not a party thereto?

The evidence discloses no dispute and the uncontradicted testimony on behalf of Matz and Michaelson indicate that $12,500 was paid in cash and the balance three thousand dollars was a bonus for making said loan. Even if it is considered that the amount of difference between $6,450, paid by Michelson to plain-

tiff and $12,500 was the adjustment between mortgagor and mortgagee of antecedant debts, we are clearly of the opinion that such can not be attacked by this plaintiff under the circumstances of this case.

As to the bonus item of $3,000 we are in grave doubt as to whether this plaintiff can raise any objection where the mortgagor does not plead usury or failure or non-existence of consideration. Having in mind the ruling found in the 40 O. S., 583, *Jones* v. *Insurance Co.*, a case involving facts in a way similar to the case at bar, we believe and are inclined but not altogether certain that perhaps plaintiff upon a proper showing of fraud perpetrated to affect plaintiff and the like, might attack same. This being an equity case, we feel that the item of bonus $3,000 should be disallowed as against the lien of the plaintiff.

In view of this conclusion, we find that the defendant Samuel L. Matz, will be allowed his claim on his second mortgage in the sum of $11,500 with interest from June 18, 1919, as against the lien of the plaintiff. The effect of this finding will give Rae Michelson her inchoate dower claim in full ahead and prior to plaintiff's lien, but as against the defendant's second mortgage the mortgage comes first. So that as between Rae Michelson and Matz, Matz is first, as between Rae Michelson and Glassmeyer, Rae Michelson is first; as between Matz and Glassmeyer, Matz is prior up to $11,500 and interest. 61 O. S., 179, *Campbell, Admr.*, v. *Sidwell, Exrx., et al;* 14 O. S., 438 Syl 3, *Day et al v. Munson et al.*

An order of foreclosure and sale may be taken. The court costs and expenses of sale will be paid first; the first mortgage of The Penn. Mutual Life Insurance Company second; the second mortgage of Samuel L. Matz up to $11,500 with interest from June 18th, 1919, with a subrogation right to Rae Michelson's dower claim equal to the difference between $11,500 and interest and $14,500 and interest third; the inchoate dower right claim of Rae Michelson based upon the full sale price of the property in question fourth, the claim in the amount heretofore allowed in favor of plaintiff fifth.