Allen, J.
 

 The Court of Appeals affirmed the judgment
 
 of
 
 the trial court upon the ground, as stated in its opinion, that the mechanic’s lien law requires the affidavits and notice provided for in Sections 8312, 8314, and 8315 to be served upon the contracting and not upon' the purchasing owner.
 

 It is not necessary, however, in this opinion to
 
 *310
 
 consider the question whether the preliminary affidavit served by the subcontractor upon Anna Walter and Edward Walker, ostensibly under Section 8312, should have been given to Mrs. Runyon rather than to the Walkers. Schuholz was not a principal contractor, but a subcontractor. Section 8312 nowhere provides that the subcontractor must of his own accord and without request from the owner serve statements upon the owner to secure his lien. The statements required from the subcontractor, as shown by the form of the affidavit set forth in Section 8312, are to be given by the subcontractor to the original contractor and by him given to the owner. It is true that the section contains a provision that “the subcontractor shall have no right of action or lien against the owner *' * * until he shall have furnished such statements.” But this provision does not require the subcontractor to serve the statements directly upon the owner. It does enjoin upon him the duty of giving the statements to the original contractor. The section concludes with the provision that if the owner demands such statements, the subcontractor is bound to furnish them; but it does not require the subcontractor to serve a statement and affidavit upon the owner unless requested.
 

 There is nothing in this record to show that the principal contractor was not furnished with the statements required under Section 8312 by the subcontractor, nor that the owner demanded a statement from him which he refused to give. Hence, according to the record, Schuholz was not required to serve the preliminary affidavit provided for in Section 8312 upon either Mrs. Runyon or the Walkers.
 

 
 *311
 
 We shall therefore proceed directly to the principal question in this case, which is whether a person who serves a copy of an affidavit for mechanic’s lien under Section 8315, General Code, after duly performing all other steps preliminary to establishing the lien, in a case where the property was sold after the labor was performed or materials were furnished for which the lien is claimed, but before the filing of the affidavit, must serve the copy of the affidavit upon the person who owns the premises at the time of the filing of the affidavit, or upon the person who owned them at the time the work was performed or the materials furnished. In other words, must the copy of the affidavit to establish a mechanic’s lien be served upon the owner who contracted for the labor or materials and then sold the property after the labor was performed or materials were furnished, but before the filing of the affidavit, or must the affidavit be served upon the person who bought the property?
 

 For convenience in this opinion we shall distinguish between the two classes of owners by speaking of the contracting owner and the pur chasing owner.
 

 A consideration which is a factor in deciding the case is that under our present Constitution the proceeding to foreclose a mechanic’s lien is a proceeding
 
 in rem.
 
 In
 
 Palmer & Crawford
 
 v.
 
 Tingle,
 
 55 Ohio St., 423, 45 N. E., 313, this court declared that the 1894 amendment to the Mechanic’s Lien Law (91 O. L., 135) was unconstitutional, and made that holding upon the ground that the subcontractor was not entitled to file a lien against the owner’s property because he had no personal con
 
 *312
 
 tractual relation with the owner. However, in 1912, the Constitution was amended to read as follows (Section 33, art. 2):
 

 “Laws may be passed to secure to mechanics, artisans, laborers, subcontractors and materialmen, their just dues by direct iien upon the property, upon which they have bestowed labor or for which they have furnished material. No other provision of the Constitution shall impair or limit the power.”
 

 The Mechanic’s Lien Law, found in Section 8310
 
 et seq.,
 
 Cene ral Code, therefore, under the present Ohio Constitution, establishes a right
 
 in r,em
 
 and not a right
 
 in. personam.
 
 This means, quoting substantially from an authoritative Ohio case, that the proceeding is brought to determine the status of the thing itself, the particular thing in the case (the real estate), and is confined to the subject-matter
 
 in specie. Cross
 
 v.
 
 Armstrong,
 
 44 Ohio St., 613, at pages 624 and 625, 10 N. E., 160.
 

 The purchasing owner, therefore, has a direct and vital interest in the establishment of the lien involved in this case. He did not contract the debt, but, as the proceeding is
 
 in rem,
 
 it binds his land, and justly he is entitled to notice.
 

 Does the statute, however, provide for notice upon the purchasing owner, or upon the contracting owner?
 

 The' statute which requires service of the affidavit is Section 8315, Ceneral Code, and reads as follows:
 

 “Every person filing such affidavit, as provided in the preceding section, shall within thirty days after the filing thereof serve on the owner, part owner or lessee of such premises or his agent, a
 
 *313
 
 copy thereof, but if neither of such persons can be found within the county where such premises are situated, then such copy shall be served by posting the same in some conspicuous place on said premises within ten days after the expiration of said thirty days.”
 

 The plaintiff in error claims that the notice is to be served upon the person who owns the property at the time of the filing of the affidavit. The defendant in error claims that the notice is to be served upon the contracting owner, even though he sold the property before the affidavit was filed, because the debt is his, and cites the preliminary provision of the statute, Section 8210, in support of his contention. The pertinent part of this provision reads as follows:
 

 “Every person who does work or labor upon, or furnishes * * * material * # * by virtue of a contract, express or implied, # # * and every person who shall as subcontractor * * * perform any labor, or furnish
 
 * * *
 
 materials * * * to each original or principal contractor, # # * shall have a lien to secure the payment thereof * * * upon such house * * * and upon the interest, leasehold, or otherwise, of the owner, part owner, or lessee, in the lot or land upon which they may-stand # * * to the extent of the right, title and interest of the owner, part owner, or lessee, at the time the work was commenced or materials were begun to be furnished by the contractor, under the original contract, and also to the extent of any subsequent acquired interest of any such owner, part owner, or lessee.”
 

 
 *314
 
 This section, however, merely determines the quantum of the estate which is affected by the mechanic’s lien. It provides that the estate bound by the lien is the interest of the contracting owner at the time and subsequently acquired, no more and no less. It attaches the lien to the right, title, and interest which the owner, part owner, or lessee had at the time the work was commenced or materials were begun to be furnished by the contractor under the original contract, and to the extent of any subsequently acquired interest on the part of the owner, part owner, or lessee. But in this case the purchasing owner stands in the shoes of the contracting owner. The interest of the contracting owner has vested in him, and upon that interest the lien attaches. Section 8310 determines this fact and this only. It gives us no help in deciding who is to receive the notice under Section 8315.
 

 It is true that under this section the lien attaches at the time that the work was commenced or the materials were begun to be furnished. This is the express provision of the statute (Section 8321, General Code), which in this particular follows the old Ohio rule and the general holding of the courts.
 
 Choteau, Merle & Sandford
 
 v.
 
 Thompson & Campbell, 2
 
 Ohio St., 114;
 
 27
 
 Cyc., 215, note 98.
 

 Defendant in error claims that because the lien attaches at the time the work is commenced or the materials begin to be furnished, the notice must be served as of that time and upon the person who owned the property at that time. It is true that among the very few oases upon this precise question authority exists to the effect that the notice is to be served upon the owner at the time the lien
 
 *315
 
 attaches.
 
 Kuhleman
 
 v.
 
 Schuler,
 
 35 Mo., 142. However, this is by no means the universal rule. Thus Rockel on Mechanics’ Liens, Section 74, says:
 

 “A purchaser, where the building is in process of construction at the time of sale, is the proper person to whom the notice should be given.”
 

 See, also,
 
 Lefler
 
 v.
 
 Forsberg,
 
 1 App. D. C., 36;
 
 Rice
 
 v.
 
 Carmichael,
 
 4 Colo. App., 84, 34 P., 1010.
 

 In the case of
 
 Lefler
 
 v.
 
 Forsberg, supra,
 
 the purchaser was served with the notice. The court says, at page 41:
 

 “The proceeding to fix and enforce the lien is in its nature a proceeding
 
 in rem;
 
 and one of the great objects of the law is to furnish to all concerned and interested in the property, record notice of the extent of the claim and the intention to enforce a specific lien therefor. The claim in this ease was made out against the party who was owner of the property at the time the right to assert the claim accrued; and looking to-the object of the law, this would seem to be a substantial compliance with its provisions in this respect.”
 

 In
 
 Rice
 
 v.
 
 Carmichael, supra,
 
 the statute with regard to notice reads as follows:
 

 ‘ ‘ Such statement shall be signed and sworn to by the party claiming such lien. * * * In order to preserve a lien for work performed or materials furnished by a subcontractor there must be served upon the owner of the property, * * * at or before the time of filing with the county clerk and recorder the statement above provided for, a copy of such statement.” Laws Colo., 1889, p. 249.
 

 The
 
 Rice case
 
 held that the purchaser of lands whereon the vendor has contracted for a building, in process of construction at the time of the sale,
 
 *316
 
 is the owner to be notified of the filing of a subcontractor’s. lien.
 

 Upon page 87 (34 P. 1011) the court says:
 

 “The necessity of a notice to the owner of the claim of a subcontractor is obvious; there is no privity existing between the two growing out of the contract. It is to enable the owner, as far as possible, to secure himself through the contractor, and he should have full opportunity. The notice is the method provided for making the owner, whose property is to be charged, a party to the proceeding, and cannot be dispensed with.”
 

 Further, the court says:
 

 “Long before the suit was instituted the property was conveyed to Anderson. He was the proper party, the party whose property was to be affected. The intention of the statute is clear; the party whose title is to be clouded and property incumbered is the one who is to receive notice.”
 

 Authorities in other states, arising under statutes other than our own, cannot decide this question unless they construe statutes containing the same provisions as the Ohio Mechanic’s Lien Law. With the exception of the
 
 Carmichael
 
 case,
 
 supra,
 
 the statutes construed in the above eases, judging from the opinions, are not identical with, nor even greatly similar to our own, and hence we must look to the phrasing of our particular statute in order to decide to whom the notice should be given.
 

 If Section 8315 were the only section in which the word “owner” is used, we should have little difficulty in deciding this case. The meaning of the word “owner” in such a context, unexplained by other sections, would be the person who was owner at the time dealt with in the section, namely,
 
 *317
 
 at the time of service; and not some previous owner. The lay reader would so construe the section according to the natural meaning of the term.
 

 But Section 8315 is not the only section in which the word “owner” is used in the Mechanic’s Lien Statute.
 

 Certain sections of the statute, for instance, cover the details preliminary to the establishment of the lien, such as the statements to be given by the original contractor to the owner before payment. “Owner” in these sections certainly includes contracting owner. Other sections, notably 8312, 8325, and 8329, relate to the withholding of payments by the owner, and no doubt refer to the contracting owner.
 

 But these are not the only provisions' of the statute elucidating our question. A number of sections are contained in the Mechanic’s Lien Law which relate to the time after the completion of the work. In these sections it is evident that the word “owner” does not, in a case of sale such as exists herein, exclude the purchasing owner. Section 8315, which enjoins upon the filer of the lien the duty of serving the affidavit upon the owner, concludes as follows:
 

 “If neither of such persons [the owner or lessee of such premises, or his agent] can be found within the county where such premises are situated, then such copy shall be served by posting the same iu some conspicuous place on said premises within ten days after the expiration of said thirty days.”
 

 Under this provision, posting the premises is meant to be a substitute for the service of the notice upon the owner, part owner, or lessee. But
 
 *318
 
 if the owner to be served is the contracting, and not the purchasing, owner, how can posting the notice upon the premises which have gone out of his possession be such a substitute? In this respect sendee by publication would be more efficacious. If the contracting owner has moved out of the state, posting the premises would be of very little and possibly of no value in giving him notice. It would be of value in giving notice to the purchasing owner. And is not the purchasing owner the person directly affected who should receive the notice? These facts indicate that in Section 8315, under such facts as those herein, “owner” comprehends purchasing owner.
 

 Section 8319 also contains a provision of moment. It reads as follows:
 

 “The owner of any property upon which a lien has been taken may notify the person then owning said lien or his agent or attorney, to commence suit thereon. If the owner of such lien fails to commence suit within sixty days after receiving such notice, the lien shall be null and void. But nothing herein shall prevent the claim being collected by law as other claims.”
 

 Under this provision, if the “owner” is the contracting and not the purchasing owner, he may, by failing to give notice to commence suit, nullify the opportunity of the purchasing owner to clear his title promptly from the threat of lien, and yet he, the contracting owner, is less directly affected by the filing of the lien than the purchasing owner. He remains personally liable for the debt, but the property which is responsible for the payment of the debt has passed out of his hands by the sale.
 
 *319
 
 This section is rendered nugatory if “owner” is to mean “contracting owner” after sale has taken place.
 

 Section 8323-4 also should be considered in this connection. It reads as follows:
 

 “If, after the amount of his lien has been satisfied, or adjudged against him in an action thereon, a lienholder neglects or refuses within thirty days thereafter, to cause such lien to be released, such lienholder shall be liable to the owner for all damages arising therefrom, not exceeding the amount of the lien and costs.”
 

 Under this section, if the “owner” is the contracting owner only, and not also the purchasing owner, then the contracting owner who has no further connection with the land, since it has passed from his hands by sale, may collect from the lien-holder the damages arising from his neglect to cause the lien to be released, and yet it is the purchasing owner who would suffer the most direct damage from neglect of the lienholder in this case. The contracting owner might even suffer no damage at all from the lienholder’s failure to release the lien. It is the purchasing owner and not the contracting owner whose title would be clouded by failure to release the lien. In this section of the statute, therefore, “owner” seems, under the facts herein, to mean “purchasing owner.”
 

 In the affidavit provided for, as set forth in Section 8312, the part referring to the owner is as follows, “situated on or around [or] in front of the following described property * * * whereof
 
 *
 
 *' * was the owner, part owner or lessee.” This affidavit evidently refers to á person who was
 
 *320
 
 the owner at the time the material was first furnished or work performed. The form for affidavit of mechanic’s lien as set forth in Section 8314 further defines the owner in the following words: “For which amount deponent claims a lien on said land (or building or leasehold) of which * * * is or was the owner (part owner or lessee).” This form of affidavit seems to require that the land be described as the property of the contracting owner if not sold, or as having been his property if sold. In one ease he is the owner, in the other case he was the owner. However, this circumstance is not conclusive upon the question of service. It would be advisable in the affidavit, no' matter upon whom it was served, to give the name of the contracting owner, as one of the details of the statement, and he could not better be described than as the person who is or was the owner of the land upon which the lien is sought to be established. In other words, there is nothing in this form of affidavit to require service upon the contracting owner, and, in fact, this form of affidavit indicates that the Legislature had plainly in mind the fact that real property might be sold after the work was completed, or materials furnished, and before the lien was filed.
 

 Further light is thrown upon this form of the affidavit by the first part of Section 8314, which provides that the person claiming the lien shall set out “the name of the person to or for whom such machinery, materials or fuel were furnished and labor performed, and of the owner, part owner, or lessee, if known.” If “owner” in this provision means the contracting and not the purchasing owner, the phrase “of the owner, part owner, or
 
 *321
 
 lessee, if known,” is useless. The owner, part owner, or lessee, if he is the same person as the one to whom the materials were furnished or for whom the work was done, is known. Furthermore, if the owner is the same person as the one for whom the work was done or materials were furnished, there is no use of specifying the two classes of persons. Under Section 8314 and the affidavit form contained therein the specification of the person for whom the work was done or materials furnished, separate and apart from the owner, indicates that the ‘ ‘ owner” may mean either the contracting owner, or the purchasing owner — the person who owns the realty at the time of the service of the affidavit.
 

 This conclusion is strengthened by the history of Sections 8314 and 8315. These two sections are not to be found in the early enactments of the Mechanic’s Lien Law in anything like their present form. For instance, the only section in the Bates’ Annotated Statutes, of the revision of 1897, relating to the Mechanic’s Lien Law, out of which these two sections could have grown, is .Section 3185 (86 O. L., page 375). This section read as. follows:
 

 ‘ ‘ Such person, in order to obtain such lien, shall, within four months from the time of performing such labor, or furnishing such machinery or material file with the recorder of the county where the labor was performed, or the machinery or material furnished, an affidavit containing an itemized statement of the amount and value of such labor, machinery, or material and a description of any promissory note or notes given for such labor, machinery, or material or any part thereof, with all credits and offsets thereon, a copy of the contract,
 
 *322
 
 if it is in writing, a statement of the amount and times of payment to be made thereunder, and a description of the land on which the gas well, oil well, or other wells are situated, or the land on which the house, mill, manufactory, or other buildings, or appurtenance, fixture, bridge, or other structure may stand, or to which it may be removed; and the same shall be recorded in a separate b.ook to be kept therefor, and shall operate as a lien from the date of the first item of the labor performed, or the machinery or material furnished upon or toward the property designated in the preceding section, and the interest of the owner in the lot or land on which the same may stand, or to which it may be removed, for six years from and after the date of the filing of such attested statement. If an action be brought to enforce such lien within that time the same shall continue in force until the final adjudication thereof; and there shall be no homestead or other exemption against any lien under the provisions of this chapter. ’ ’
 

 It will be observed that in this section no form of affidavit is given such as has been quoted above from Section 8314, General Code, and no provision whatever is made as to the person upon whom the affidavit is to be served, nor for service thereof, as now provided in Section 8315.
 

 The amendment of Section 3185, Bevised Statutes, made in 95 Ohio Laws, at page 210, is of no moment in this discussion.
 

 The next material change which was made in this section appears in 97 Ohio Laws, at page 499— Section 3185. It reads substantially the same as
 
 *323
 
 the section appearing in Bates’ Ann. Stat., with a few minor alterations which are not material here and adds this sentence:
 

 “Such person so filing the affidavit herein provided, shall within thirty days thereafter, notify the owner of the property, his agent or attorney that he claims such lien, and if he fail to do so, the lien so secured shall he null and void.”
 

 This sentence is a forerunner of the present Section 8315.
 

 Sections 8314 and 8315 first appear in their present form in 103 Ohio Laws, at pages 373 and 374, and with an amendment which does not relate to this case they- are found in the Code in practically that same form. These two sections when first written were in immediate conjunction, 8315 following 8314; that is, they were written at the same time and so far as the form of the affidavit (Section 8314) and the service of notice (Section 8315) are concerned they were not written as a part of the original Mechanic’s Lien Law of which much of the present statute is an outgrowth.
 

 Of these two related sections which, as to the affidavit form and the provision for service thereof, were not a part of the original law, Section 8314 as now written evidently contemplates that a sale of the land may have been made after the attaching of the lien and before the filing of the affidavit, for it provides that the affidavit shall state the name of the person who is or was the owner, if known. Is it not significant that this section- is followed by one which orders service on the owner and orders that the premises be posted if the owner is not found? And does not the irresistible con
 
 *324
 
 elusion arise from the fact that the affidavit is to state “who is or was the owner,” pid is to be served on the owner, that the Legislature contemplated sale of the premises after the attaching of the lien in certain instances and provided for notice to the person who at the time of service held the land?
 

 The Mechanic’s Lien Law, in Section 8323-9, contains a definition of the word “owner,” which reads as follows:
 

 “The words ‘owner,’ ‘part owner,’ or ‘lessee,’ used herein, shall be construed to include all the interests either legal or equitable, which such person may have in the real estate upon which the improvements contemplated by this act are made, including the interests held by any person under contracts of purchase, whether in writing or otherwise.”
 

 This definition upon first consideration does not seem to aid us, for it evidently relates mainly to the question of the interest in the land which is comprehended within the term ‘ ‘ ownership. ’ ’ However, the history of this section throws some light upon the question of service of the notice; As found in volume 2 of Bates’ Ann. Ohio .Stat, Revision of 1897, Section 3184/ reads as follows:
 

 “ [
 
 Who is Owner or
 
 Proprietor.] Every person, including
 
 cestui que trusts,
 
 for whose immediate use, enjoyment, or benefit any building, erection, or improvement shall be made shall, under this'act, be included in the words owner or proprietor.”
 

 In this section it is evident that under the facts of this case the word “owner” could have been used in only one sense in the former Mechanic’s
 
 *325
 
 Lien Statute — that of contracting or original owner. It could never, under such facts as we have here, signify the purchaser. This section was changed in volume 103 of the Ohio Laws, at page 378, where the definition of the word “owner” is the same as that given above in Section 8323-9.
 

 It is significant that the Legislature in redrafting the Mechanic’s Lien Law altered the definition of “owner,” which had included only the contracting or original owner, so as to eliminate that particular limitation and to comprehend every owner of every kind of an estate in the land which was to be subject to lien.
 

 In the light of the history of this section we are forced to infer that the Legislature altered the definition of the word “owner” for the purpose of giving it a meaning which would include both the contracting and purchasing owner.
 

 We have here, then, one of those cases in which a word is susceptible- of two meanings. One of the meanings, that of the contracting owner, does no violence to part of the statute. It does, however, under facts such as we have here, nullify Sections 8315, 8319, and 8323-4, and introduces an absurdity into Section 8314.
 

 It is true that a word repeatedly used in the statute will be presumed to bear the same meaning throughout the statute unless there is something to show that another meaning is intended. 25 Euling Cáse Law, 995, Section 238. However, where the subject-matter to which the word refers is not the same in both clauses, or where the surrounding circumstances are different, this presumption yields to an adverse presumption furnished by an analy
 
 *326
 
 sis of the various purposes of the law and of the language in which those purposes are expressed.
 
 State
 
 v.
 
 Knowles,
 
 90 Md., 646, 45 A., 877, 49 L. R. A., 695. In this statute the circumstances surrounding the use of the word “owner” are different in different sections.
 

 In certain sections the circumstances described are so near in point of time to the making of the contract and the attaching of the lien that sale would hardly ever intervene to change the relation of the parties. In other sections the circumstances described are later in point of time, and it is evident from them that the Legislature contemplated that a sale might have intervened between the attaching of the lien and the filing of the affidavit.
 

 Also the general purpose of the law is to establish a mechanic’s lien. This lien is to bind the property of the title holder whether or not he created the debt from which the lien arises. In view of the facts that the construction of the word ‘ ‘ owner” in Section 8315, as meaning “purchasing owner,” does not do violence to that part of the law which clearly indicates that owner means “contracting owner,” obviates the nullification of the three important' sections above quoted, and is in complete accord with the necessary construction of Section 8314 and with the definition of the word given in the statute, we are constrained to hold with the plaintiff in error that the notice provided for in Section 8315 may be served upon the owner who has title to the property at the time the affidavit is filed. We have not here the case of service upon the contracting owner after sale of the
 
 *327
 
 property, and we make no holding upon that specific question.
 

 Judgment reversed.
 

 Marshall, C. J., Day and Conn, JJ., concur.