In re Bernard Leo CHARMS, Debtor.

**Richard A. BAUMGART,**
**Trustee, Plaintiff,**

v.

**Bernard Leo CHARMS,**
**et al. Defendants.**

**Bankruptcy No. B91–11574.**
**Adv. No. B92–1026.**

United States Bankruptcy Court,
N.D. Ohio, E.D.

July 9, 1992.

Jerome Leiken, Cleveland, Ohio, for plaintiff.

Andrew R. Morse, Hudson, Ohio, for defendants.

## MEMORANDUM OF OPINION AND DECISION

WILLIAM J. O'NEILL, Bankruptcy Judge.

Before the Court is Plaintiff–Trustee's motion to determine validity, amount and priority of the lien claim of George P. Zampelli, Defendant. This matter emanates from an adversary proceeding to set aside conveyances, determine liens and sell real property at 124 Pheasant Lane, Hunting Valley, Ohio. Judgment on the complaint to sell was granted and liens were transferred to the proceeds of sale by order of March 19, 1992. The sale was confirmed

April 22, 1992. This is a core proceeding within the jurisdiction of the Court. 28 U.S.C. §§ 1334, 157(a), (b)(2)(K), General Order No. 84 entered on July 16, 1984 by the United States District Court for the Northern District of Ohio.

After hearing and consideration of the evidence, relevant facts are as follows:—

Bernard Leo Charms (Debtor) filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on March 21, 1991. This adversary proceeding arises in that case.

Debtor and his then fiance, Deborah Lowe Charms, contracted with George P. Zampelli for construction of a home at 124 Pheasant Lane, Hunting Valley, Geauga County, Ohio in late 1987 or early 1988. Debtor was title owner of the real estate when the parties contracted. The original contract price of $550,000 was paid in full. Due to various change orders, however, additional sums of $28,068.44 are owed to Zampelli. This debt is the basis for the mechanics' lien in issue.

Construction of the home spanned seven months. Zampelli's last draw on the construction loan was in July or August of 1988. It is unclear when the additional work was begun or completed. Debtor and Deborah Lowe Charms were married July 15, 1988. The couple resided in the home commencing the latter half of 1988. Debtor quit-claimed the property to his wife by deed of August 20, 1988 which was recorded August 24, 1988. (P.Exh. 2). Zampelli did not learn of this change in ownership until commencement of this adversary proceeding in 1992.

On December 20, 1988, Zampelli, as original contractor, sent an affidavit by certified mail to the Debtor pursuant to Section 1311.04 of the Ohio Revised Code. This mailing included all subcontractors' affidavits and certificates of all material men pertaining to construction of the residence. (P.Exh. 1). Deborah Lowe Charms signed the receipt for service of this affidavit. (D.Exh. C). An affidavit to obtain a mechanics' lien on the premises was filed with the Recorder of Geauga County on December 23, 1988. (P.Exh. 1). The affidavit names the Debtor as owner of the property. Notice of filing the affidavit to obtain lien was mailed to the Debtor at 124 Pheasant Lane, Hunting Valley, Ohio on January 5, 1989. (P.Exh. 1). Deborah Lowe Charms was apprised of all documents. Zampelli incurred $1,188.00 legal fees for preparation of documents to obtain a mechanics' lien. (D.Exh. A). He incurred additional fees of $1,850.00 for defense of this adversary proceeding. (D.Exh. B).

The sole issue herein is whether Zampelli's filing an affidavit for lien and service of notice thereof as required by Sections 1311.06 and 1311.07 respectively, wherein Debtor was named and notified as owner of the property, is defective for purposes of obtaining a mechanics' lien under the Ohio Code. Ohio Rev.Code §§ 1311.06, 1311.07. Trustee asserts Debtor was not owner of the property when the lien was filed as the Code requires. Zampelli alleges the Debtor continued to be owner since he retained a dower interest. Moreover, he argues for liberal construction of the requirements to establish a lien to include Debtor as owner of the property for purposes of filing and service of the affidavit for lien.

Section 1311.01 through 1311.24 of the Ohio Revised Code delineate the requirements to obtain a mechanics' lien in Ohio. Recent amendments to these sections are inapplicable to this decision. Section 1311.24 provides for liberal construction of the Code provisions "to secure the beneficial results, intents, and purposes thereof; and a substantial compliance with said sections is sufficient for the validity of the liens under said sections ..." As a general rule, therefore, the statutes are liberally construed to effectuate the remedial purposes of the statute *once a lien is established.* Strict compliance with the procedures to create a lien, however, is required. *Fairfield Ready Mix v. Walnut Hills Associates Ltd.,* 60 Ohio App.3d 1, 572 N.E.2d 114, (1988), see generally 68 O.Jur.3d, Mechanics' Liens § 84 (1986).

Section 1311.06 of the Code sets forth requirements for contents and recording of an affidavit for mechanics' lien. The affidavit as filed includes inter alia, "a descrip-

tion of the property to be charged with the lien, the name and address of the person to or for whom such machinery, material, or fuel was furnished and labor performed, *the name of the owner, part owner, or lessee, if known,* and the name and address of the lien claimant ..." Section 1311.07 requires service of a copy of this affidavit within 30 days after the filing thereof "on the owner, part owner or lessee of such premises or his agent" if they can be found within the county where the premises are situated. Section 1311.19 delineates appropriate service of the copy of the affidavit. Various methods of service are indicated including service by "registered letter addressed to such person ..."

 "Owner, part owner or lessee" is defined in Section 1311.01(A) as follows:—

"Owner," "part owner," or "lessee" includes all the interests either legal or equitable, which such person may have in the real estate upon which the improvements contemplated under such sections are made, including the interests held by any person under contracts of purchase, whether in writing or otherwise.

The dower interest retained by Debtor upon his transfer of title to his spouse is not an interest within the parameters of this section. *Glassmeyer v. Michelson,* 23 Ohio N.P. (n.s.) 537 (1921). The issue, therefore, is whether Debtor was appropriately named and served as owner under the applicable Code sections after transferring his interest in the property to his wife. A mechanics' lien is invalid when the supporting affidavit incorrectly names the owner of the property in question. *Fairfield Ready Mix v. Walnut Hills Associates Ltd.,* 60 Ohio App.3d 1, 572 N.E.2d 114 (1988). Further, failure to serve a copy of the affidavit on the owner as provided in Section 1311.07 invalidates the mechanics' lien. *Suburban Heating Co. v. Lougher,* 4 Ohio App.2d 343, 212 N.E.2d 659 (1964).

 There is a paucity of Ohio case law discussing who is "owner" with respect to the filing and service of affidavit to obtain mechanics' lien where the owner at the time work was contracted and performed has conveyed the property prior to the filing of the lien. In *Schuholz v. Walker,* 111 Ohio St. 308, 145 N.E. 537 (1924), the Ohio Supreme Court discussed Ohio's prior analogous lien statute and held that the titled owner at the time the affidavit for lien is filed may be served under the terms of the statute. Specifically reserved was decision on whether service on the owner contracting for the services was appropriate after the property had been transferred. One Ohio common pleas decision determined such service to be appropriate prior to the *Schuholz* decision. See *Fisher v. Jacobs,* 24 N.P. (n.s.) 505 (1920). Also discussed but not decided by *Schuholz* was the issue of who is the owner to be named in the affidavit for mechanics' lien after transfer of ownership has occurred. There is no definitive case law dealing with these issues subsequent to *Schuholz.* Consideration of the reasoning underlying that decision, however, leads to the conclusion that it is the person who owns the property at the time the affidavit for lien is filed who must be named and served.

In *Schuholz,* the Court noted that a mechanics' lien attaches when the work is commenced or services performed and establishes a right in rem. Therefore, because the lien binds the land, the present owner is entitled to notice of the filing of an affidavit for lien. It is clear the term "owner" has more than one meaning depending on the surrounding circumstances. As noted in *Schuholz,* including the previous contracting owner for purposes of obtaining the lien would nullify various sections of the statute intended to protect the present owner of the property and would introduce absurdity. With respect to Sections 1311.06 and 1311.07, therefore, the term "owner" means the present owner of the property. This conclusion follows the rule generally applied in other jurisdictions. See Maurice T. Brunner, Annotation, *Who is the "Owner" Within Mechanics' Lien Statute Requiring Notice of Claim,* 76 A.L.R.3d 605 (1977).

In the within cause Debtor was named as owner on the affidavit for lien and was served with a copy thereof. Debtor was

not the owner of the property at the time the affidavit for lien was filed and the lien is, therefore, invalid. Deborah Lowe Charms' signing the receipt for service of this affidavit, (D.Exh. C), does not cure this fatal defect. Although this decision appears harsh, it is noteworthy that the lien claimant had available methods of protection. The deed to Deborah Lowe Charms was recorded prior to filing of the affidavit for lien. The public records, therefore, reflected her ownership of the property. Moreover, there is no evidence of fraud or deceit by the Debtor. Trustee's motion to invalidate the Zampelli mechanics' lien is, therefore, appropriate.