THE M. J. KELLY CO. v. HAENDIGES, APPELLEE; SHAKER
MECHANICAL · CORPORATION, APPELLANT.

No. 78-1329—Decided June 27, 1979.)

506

*Mr. Leonard P. Gilbert,* for appellee.

*Messrs. Newman & Newman* and *Mr. Joel I. Newman,* for appellant.

*Per Curiam.* The question before this court is whether a subcontractor is required to file the affidavit of subcontractor referred to in R. C. 1311.04 with either the general contractor or the property owner as a prerequisite to obtaining a mechanic's lien.

R. C. 1311.04 is a complex and often confusing provision of the mechanic's lien law. It must be complied with before a contractor, subcontractor, materialman or laborer can sue or obtain a lien for money due him. The portions relevant to the instant cause state:

"Whenever any payment of money becomes due from the owner ·* *.* or whenever the original contractor desires to draw any money from the owner, * * * such contractor shall make out and give to the owner * * * a statement under oath, showing * * * the name and address of every subcontractor in his employ * * *.

"The original contractor shall also deliver to such owner * *. *. similar sworn statements from each subcontractor * * *.

"Until the statements are made and furnished in the manner and form provided for in this section * * * the subcontractor has no right of action or lien against the owner * .* .* and any payments made by the owner * * * before such statements are made * * * are illegal * * *."

The decision by this court most nearly in point is *Williamson Heater Co.* v. *Radich* (1934), 128 Ohio St. 124. In that case, a subcontractor filed an action to foreclose a mechanic's lien. The subcontractor had served the affidavit of subcontractor required by R. C. 1311.04 (then G. C. 8312) upon the general contractor[1] but not with the property owner. The general contractor did not supply the owner with this statement. This court held that, while the general contractor was under a clear duty to furnish the owner with both his own affidavit and the affidavits of his subcontractors, the subcontractors owed the owner no such duty. This court stated:

"What then is the significance of the words, 'such statements' to be furnished by the subcontractor? Thus far the only 'statements' mentioned in the statute in connection with the subcontractor are those to be furnished by him to the contractor. How then can it logically be urged that this reference is to statements to be furnished by the subcontractor to the owner? Not until the last sentence in the

---

[1] The fact that the affidavit was filed with the general contractor is not clear from the *Williamson Heater Co.* opinion but was revealed in *Hoon* v. *Ross* (1940), 31 Ohio Law Abs. 275, 278, in which the court explained the *Williamson Heater Co.* holding by analyzing its pleadings.

508

whole statute is anything said about a statement to be furnished by the subcontractor directly to the owner." *Williamson Heater Co., supra*, at page 127.

This court concluded its analysis by holding that the only time the subcontractor is under a duty to furnish the owner with the affidavit is when he receives such a demand from the owner. *Id.* Thus, absent a demand from the owner, a subcontractor who furnishes a general contractor with an R. C. 1311.04 affidavit is under no duty to do more and is not prohibited by that section from obtaining a mechanic's lien.

In the instant cause, the trial court ruled that appellant's mechanic's lien was valid, although it furnished neither the general contractor nor the property owner with a properly executed affidavit.

The procedural steps necessary to create a mechanic's lien must be strictly adhered to. *Robert V. Clapp Co.* v. *Fox* (1931), 124 Ohio St. 331, 335. R. C. 1311.04 constitutes one of those procedural steps:

"Until the statements are made and furnished in the manner and form provided for in this section, the contractor has no right of action or lien against the owner * * * and the subcontractor has no right of action or lien against the owner * * * until he has furnished *such statements* * * *." (Emphasis added.)

The language "such statements" refers to affidavits that the statute requires the subcontractor to serve on the general contractor. *Williamson Heater Co., supra*, at page 127. Thus, absent such service, the subcontractor has no right of action or lien against the owner.

Additionally, in *Schuholz* v. *Walker* (1929), 111 Ohio St. 308, this court analyzed G. C. 8312, the predecessor to R. C. 1311.04[2], and, at page 310, made the following statement:

"* * * Section 8312 nowhere provides that the subcontractor must of his own accord and without request from

---

[2]The language of these two statutes is nearly identical.

the owner serve statements upon the owner to secure his lien. The statements required from the subcontractor, as shown by the form of the affidavit set forth in Section 8312, are to be given by the subcontractor to the original contractor and by him given to the owner. It is true that the section contains a provision that 'the subcontractor shall have no right of action or lien against the owner * * * until he shall have furnished such statements.' But this provision does not require the subcontractor to serve the statements directly upon the owner. *It does enjoin upon him the duty of giving the statements to the original contractor.* The section concludes with the provision that if the owner demands such statements, the subcontractor is bound to furnish them; but it does not require the subcontractor to serve a statement and affidavit upon the owner unless required." (Emphasis added.)

Thus, to perfect his lien, the subcontractor must furnish the general contractor with a copy of the R. C. 1311.04 affidavit but need not give the property owner such a copy unless it is requested.

In the instant cause, the appellate court was correct in finding that, since the appellant furnished no one with a proper R. C. 1311.04 affidavit, the trial court was incorrect in holding that there was a valid lien.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN and SWEENEY, JJ., concur.

P. BROWN, LOCHER and HOLMES, JJ., dissent.

PAUL W. BROWN, J., dissenting. The sworn statement of a subcontractor is required under R. C. 1311.04 only for inclusion with the contractor's sworn statement to the owner. Under that statute, if the conractor does not furnish his statement to the owner, the subcontractor need

not furnish such a statement to the contractor.

The statute is designed to protect the owner, if and only if he avails himself of that protection by obtaining an affidavit from his contractor. If he refuses or fails to require the affidavit, he has waived his protection under the statute and no action or inaction by the subcontractor can or does affect that waiver. Finally, if the owner has not required the affidavit, the furnishing of one by the subcontractor to the contractor will in no way protect the owner, because he has no greater notice than before. The statute exists to protect the owner, not the contractor. Because the result of decision of the Court of Appeals is to provide only notice to the contractor, it has no place in the statutory scheme and, therefore, is wrong. The decision is totally destructive of existing mechanic's lien laws and will require legislative reversal.

LOCHER and HOLMES, JJ., concur in the foregoing dissenting opinion.