**In re Gerald W. (Wayne) KING, Debtor(s).**

**Bankruptcy No. 2-83-01789.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Jan. 11, 1984.

Mitchel D. Cohen, Columbus, Ohio, for debtor.

John E. Halliday, Gallipolis, Ohio, for creditor.

Frank M. Pees, Worthington, Ohio, Chapter 13 Trustee.

## ORDER ON OBJECTION TO CLAIM

G.L. PETTIGREW, Bankruptcy Judge.

The matter before the Court is the debtor's objection to the claim of Haffelt Bros.

Custom Carpet, Inc. For the reasons set out below, the Court finds that Haffelt Bros. has not provided sufficient documentation of its secured status and must, therefore, be classified as unsecured.

The underlying claim of Haffelt Bros. arose from a contract obligating it to install certain carpeting in the debtor's residence. This job was apparently completed in a timely and workmanlike manner. The debtor failed to pay for the carpet or installation, and Haffelt Bros. sought a mechanic's lien to secure the payment. The debtor claims that Haffelt Bros. failed to comply with various provisions of the Ohio mechanic's lien law, contained in Chapter 1311 of the Ohio Revised Code, and that, therefore, no lien attached. In the alternative, the debtor argues that even if Haffelt Bros. did in fact comply with all applicable provisions of the mechanic's lien statutes, it failed to document this, as required by Bankruptcy Rule 13–302(c).

The Ohio mechanic's lien statutes set out a three step process for a contractor [1] to obtain a valid mechanic's lien. First, the contractor must present the property owner with an affidavit setting out the following information:

—The names and addresses of all laborers in his employ who have not been paid in full and how much is owed them.

—The names and addresses of all subcontractors involved in the project and how much is owed them.

—The names and addresses of all materialmen who are or will be involved with the project.

All of this must be in affidavit form and presented to the owner when the contractor seeks payment. See Ohio Revised Code § 1311.04.

Once this is accomplished, the contractor must, within sixty (60) days of the date the last labor or materials were provided, file an affidavit with the county recorder of the

---

**1.** Although the Ohio mechanic's lien statutes do not define the term "contractor", the Ohio courts have defined the term to mean one who is in direct privity of contract with the owner of the improved property. See *Ulmer v. Portage* *Construction Co.,* 26 Ohio N.P. (n.s.) 257, 287 (1923). Since Haffelt Bros. was in direct contractual privity with the debtor, it is a contractor within the meaning of the Ohio mechanic's lien statutes.

county in which the improved property is located, setting forth the following information:

—The amount due the claimant over and above all legal setoffs.

—The name and address of the person for whom the underlying goods or services were provided.

—The name and address of the property owner.

—The name and address of the claimant.

—A legal description of the improved property.

See Ohio Revised Code § 1311.06.

The final step is to serve the owner of the improved property with a copy of the affidavit described immediately above. This must be done within thirty (30) days of the filing of the original affidavit.[2] See Ohio Revised Code § 1311.07.

■ All of the above described steps are mandatory. Failure to comply with any of these provisions will preclude the attachment of a lien. *M.J. Kelly Co. v. Haendiges,* 58 Ohio St.2d 505, 391 N.E.2d 723 (1979); *John Bushelman Co. v. Troxell,* 44 Ohio App.2d 365, 338 N.E.2d 780 (1975); *Mahoning Park Co. v. Warren Home Development Co.,* 109 Ohio St. 358, 142 N.E. 883 (1924).

Bankruptcy Rule 13–302(c)[3] provides that:

(c) Claim Founded on a Writing; Perfection of Security Interests. When a claim, or an interest in property of the debtor securing the claim, is founded on a writing, the original or a duplicate shall be filed with the proof of claim unless the writing has been lost or destroyed. If lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim. *If a security interest is claimed, the proof of claim*

*shall be accompanied by satisfactory evidence that the security interest has been perfected.* (emphasis added)

This Rule has been construed, in the case of *N.A.A.C.P. Credit Union v. Louie,* 10 B.R. 928, 931 (Bkrtcy.E.D.Mich.1981):

This Court will and does hold that the "secured claim" referred to in 13–302(c) means the filing of a Proof of Claim; self designation by the creditor that the creditor claims as a secured creditor; that "accompanied by satisfactory evidence . . ." means that attached to said Proof of Claim is the necessary documentation to prove to the debtor and the Court that the creditor has complied with state requirements as to perfection as a secured creditor.

This Court finds this analysis to be correct, and further finds that, when it is applied to the facts of the present case, the Haffelt Bros. claim must be treated as unsecured.

■ As set out above, a mechanic's lien claimant must supply the owner with two distinct affidavits and place one of record in the county in which the improved property is located. Hence, it would seem that, at a minimum, Haffelt Bros. would have to provide copies of these affidavits, and some proof of service of the § 1311.06 affidavit, in order to satisfy the requirements of Rule 13–302(c). Since the record does not contain a copy of the § 1311.04 affidavit, and contains no definitive proof of the service of the § 1311.06 affidavit, the Court must find that Haffelt Bros. has not satisfied the requirements of Rule 13–302(c). Therefore, the Haffelt Bros. claim must be treated as unsecured.

IT IS SO ORDERED.

---

**2.** The Revised Code does provide that a claimant may, in the alternative, post a copy of the affidavit on a conspicuous place on the improved property. However, this alternative is only available if the owner of the improved property cannot be found within the county in which the property is located within thirty (30) days of the filing of the original affidavit. See O.R.C. § 1311.07.

**3.** Although this controversy arose after the effective date of the Bankruptcy Rules promulgated by the Supreme Court on April 26, 1983, the Court feels that it would be appropriate to apply the old rules as they controlled when the claim in question was filed. In any event, the same requirement is incorporated in Rule 3001(d) of the new rules.