A & K RAILROAD MATERIALS, INC., APPELLEE, *v.* CONSOLIDATED RAIL CORPORATION, APPELLANT.

(No. 86AP-17 — Decided April 24, 1986.)

*Michael Garth Moore* and *Janet Kater,* for appellee.

*Bricker & Eckler, Elbert J. Kram* and *Percy Squire,* for appellant.

McCORMAC, J. Plaintiff-appellee, A & K Railroad Materials, Inc. ("A & K Railroad"), filed a complaint against defendant-appellant, Consolidated Rail Corporation ("Conrail"), seeking damages for the loss of 2,838 railroad tie plates that Conrail transported under a bill of lading dated November 29, 1979. A & K Railroad alleged that Conrail received the tie plates but failed to deliver them to the proper destination. Conrail answered denying non-delivery and both appellee and appellant moved for summary judgment. The trial court granted the motion for summary judgment in favor of A & K Railroad and overruled Conrail's motion for summary judgment. Conrail now appeals from both the denial of its motion for summary judgment and the grant of summary judgment in favor of A & K Railroad and asserts the following assignment of error:

"The trial court erred in granting plaintiff-appellee's motion for summary judgment and denying the cross-motion for summary judgment of defendant-appellant, because such ruling failed to give effect to Ohio Revised Code §1307.24(C)."

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66 [8 O.O.3d 73]. In the case at bar, no issue of fact exists. Appellee, for purposes of the summary judgment motion, admitted that it had failed to file notice of its claim of loss with Conrail as required by the terms of the bill of lading. Therefore, the only issue is whether a requirement of a bill of lading that a claim of loss be filed within nine months of the non-delivery is an unlawful provision in contravention of the provisions of R.C. 4965.54.

The relevant statutory provisions involved in this appeal are R.C. 4965.54 and 1307.24(C). R.C. 4965.54 states in pertinent part:

"* * * No contract, receipt, rule, or regulation shall exempt such common carrier, railroad, or transportation company from the liability imposed by this section. * * *"

R.C. 1307.24(C) states:

"Reasonable provisions as to the time and manner of presenting claims and instituting actions based on the shipment may be included in a bill of lading or tariff."

Appellee argues that the trial court did not err in granting its motion for summary judgment because the two statutes conflict, and, in that case, R.C. 4965.54 prevails over R.C. 1307.24(C). It asserts that, since the time limitation on the presentation of a claim of loss in the bill of lading, as authorized by R.C. 1307.24(C), allows Conrail to escape liability, it is in contravention of R.C. 4965.54. However, appellant argues that R.C. 4965.54 and R.C. 1307.24(C) do not conflict but can be harmoniously construed.

R.C. 4965.54 states that no contract shall *exempt* a common carrier from liability for any loss, damage or injury caused by it. R.C. 1307.24(C) does not exempt the common carrier from liability imposed by R.C. 4965.54 which imposes strict liability on the common car-

rier for loss, damage or injury for property to be delivered by it upon issuance of a receipt or bill of lading. R.C. 4965.54 sets the standard for liability, but it does not address the time for notice of a claim or for filing a claim. The bill of lading herein required notice for a claim of loss to be filed within nine months from the date of non-delivery. Appellee has admitted that such notice was not filed.

The authorization for placing a time limitation on the filing of a claim in the bill of lading is contained in R.C. 1307.24(C). There is no contention that the time limit is not reasonable, and the nine-month provision is consistent with that used in interstate bills of lading. The nine-month notice provision is a condition precedent to the right to recover by A & K Railroad, but it does not exempt the carrier from liability in contravention of R.C. 4965.54.

Appellee cites *Pennant Moldings, Inc.* v. *C & J Trucking Co.* (1983), 11 Ohio App. 3d 248, in support of its position that R.C. 4965.54 prevails over R.C. 1307.24(C). However, *Pennant,* which addressed a different issue, supports a harmonious construction in that the court construed (*id.* at 250) R.C. 4965.54 to be consistent with another portion of the Uniform Commercial Code of which R.C. 1307.24(C) (UCC 7-309[3]) is also a provision. Moreover, a harmonious interpretation should be made to give effect to each provision, if possible. See R.C. 1.51; cf. R.C. 1.52(B).

Appellant's assignment of error is sustained.

The trial court, therefore, erred in granting the motion for summary judgment in favor of appellee A & K Railroad. Summary judgment should have been granted in favor of Consolidated Rail Corporation. The judgment is reversed and the cause is remanded with instructions to grant summary judgment for appellant.

*Judgment reversed*
*and cause remanded.*

REILLY and VICTOR, JJ., concur.

VICTOR, J., retired, of the Ninth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.