FAIRFIELD READY MIX, APPELLANT,
*v.* WALNUT HILLS ASSOCIATES, LTD.
ET AL., APPELLEES; LARA, INC. ET AL.

(Nos. C-870620 and C-870719—
Decided November 2, 1988.)

*James C. Ellis,* for appellant.

*Jeffrey A. Tessel,* for appellees
George W. Thompson and Orlean
Company.

*Timothy A. Fischer,* for appellees
Walnut Hills Associates, Ltd. and
Dillon Company.

*Per Curiam.* This cause came on to
be heard upon the appeal from the
Court of Common Pleas of Hamilton
County.

The sole assignment of error
raised by the plaintiff-appellant, Fair-
field Ready Mix, on appeal to this court
concerns whether the trial court erred
in granting summary judgment in
favor of the defendants-appellees,
Walnut Hills Associates, Ltd., the

Orlean Company, the Dillon Company and George W. Thompson. We find no error.

Walnut Hills hired the defendant Lara, Inc., a general contractor, to construct certain buildings. Lara, Inc. then contracted with the plaintiff to provide concrete for the construction of those buildings. Walnut Hills, through its partners, the Orlean Company, the Dillon Company, and Thompson, forwarded money to Lara, Inc. for the necessary materials. However, Lara, Inc. failed to pay the plaintiff for those materials.

The plaintiff filed a mechanic's lien against the property on which the buildings were constructed. The affidavit filed in support of the mechanic's lien incorrectly identified Lara, Inc., instead of Walnut Hills, as the owner of the property.

Summary judgment may be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 8 O.O. 3d 73, 375 N.E. 2d 46; *A&K Railroad Materials, Inc.* v. *Consolidated Rail Corp.* (1986), 29 Ohio App. 3d 106, 29 OBR 118, 503 N.E. 2d 545. In this case, no issue of fact exists.

The first issue raised by the plaintiff is whether naming the wrong party as the owner of the property in an affidavit renders the mechanic's lien invalid. The plaintiff argues that the applicable statutes should be liberally construed in favor of subcontractors and materialmen, and, therefore, that naming an incorrect owner of the property should not be fatal to the lien.

A lien affidavit filed pursuant to R.C. Chapter 1311 must show "* * * the amount due over and above all legal setoffs, a description of the property to be charged with the lien, the name and address of the person to or for whom the machinery, material, equipment, supplies, or fuel was furnished and the labor, work, or services were performed, the name of the owner, part owner, or lessee, if known, and the name and address of the lien claimant." R.C. 1311.06(A). The statute further states that the inaccuracy of any address in the affidavit will not affect its validity, if the affidavit is recorded. R.C. 1311.06(A). However, it does not address the validity of a lien when an incorrect owner of the property involved is named in the affidavit.

The mechanic's lien statutes are remedial legislation designed to protect the laborer whose work, goods, and skill create the structures to which the lien in part attaches. *Wayne Bldg. & Loan Co.* v. *Yarborough* (1967), 11 Ohio St. 2d 195, 40 O.O. 2d 182, 228 N.E. 2d 841. The statutes are to be liberally construed to effectuate this remedial purpose, once a mechanic's lien is established. *Robert V. Clapp Co.* v. *Fox* (1931), 124 Ohio St. 331, 178 N.E. 586. See *State, ex rel. Alban,* v. *Kauer* (1960), 116 Ohio App. 412, 22 O.O. 2d 238, 188 N.E. 2d 434. However, the procedural steps necessary to create a mechanic's lien must be strictly adhered to. *C.C. Constance & Sons* v. *Lay* (1930), 122 Ohio St. 468, 172 N.E. 283. See *M.J. Kelly Co.* v. *Haendiges* (1979), 58 Ohio St. 2d 505, 12 O.O. 3d 409, 391 N.E. 2d 723.

In the instant case, the plaintiff filed an affidavit in an attempt to create a mechanic's lien. R.C. 1311.06 (A) states that the name of the owner of the property must be included in the affidavit to create a lien on that property. The plaintiff failed to strictly adhere to the statute when it listed the incorrect party as the owner of the property in the affidavit. For this reason, the lien is invalid. Accordingly, the trial court properly granted the motions for summary judgment on Count I of the complaint.

The second issue raised by the plaintiff concerns Count III of the complaint, which sets forth a claim of unjust enrichment against the defendants. The plaintiff contends that Walnut Hills, the Orlean Company, the Dillon Company and Thompson may not rely on their payment to Lara, Inc. for the plaintiff's work as a defense to the plaintiff's claim. We disagree.

The doctrine of unjust enrichment is that a person will not be allowed to profit or enrich himself inequitably at another's expense. *Freedline* v. *Cielensky* (1961), 115 Ohio App. 138, 20 O.O. 2d 238, 184 N.E. 2d 433. As ordinarily defined, the concept of unjust enrichment includes not only loss on one side but gain on the other, with a tie of causation between them. 18 Ohio Jurisprudence 3d (1980) 271, Contracts, Section 343.

In the instant case, the plaintiff has suffered a "loss" since the plaintiff has not been paid for the materials provided for the construction project. However, Walnut Hills and its partners have not sustained a "gain." Walnut Hills forwarded money to Lara, Inc. to pay for the materials. The materials used by Walnut Hills for the construction project were paid for by Walnut Hills. Therefore, Walnut Hills has not been unjustly enriched, and the trial court properly granted summary judgment on Count III of the complaint.

We find the plaintiff's assignment of error to be without merit and affirm the judgment of the court of common pleas.

*Judgment affirmed.*

HILDEBRANDT, P.J., KLUSMEIER and UTZ, JJ., concur.