**JOEST VIBRATECH, INC., Plaintiff,**

v.

**NORTH STAR STEEL COMPANY,
et al., Defendants.**

**No. 4:00-CV-810.**

United States District Court,
N.D. Ohio,
Eastern Division.

Aug. 9, 2000.

Diane A. Calta, Joseph W. Diemert, Jr., Joseph W. Diemert, Jr. & Associates, Cleveland, OH, for Joest Vibratech, Inc., plaintiffs.

M. Charles Collins, Eastman & Smith, Toledo, OH, for North Star Steel Co., defendant.

Stephen E. DeFrank, Office Of The Attorney General, Ohio Department Of Development, Columbus, OH, for State of Ohio Dept. of Development, defendant.

Linette S. Baringer, Office of the Mahoning County Prosecutor, Youngstown, OH, for John Reardon, George Tablack, defendants.

ORDER AND OPINION

GWIN, District Judge.

On May 12, 2000, Defendant North Star Steel Company filed a motion to dismiss Plaintiff Joest Vibratech, Inc.'s complaint.[1] [Doc. 12]. On June 22, 2000, the Court converted the motion to dismiss into a motion for summary judgment pursuant to Rules 12 and 56.[2] [Doc. 19]. For the reasons stated below, the Court grants Defendant North Star Steel's motion for summary judgment on all counts.

## I. FACTUAL BACKGROUND

Plaintiff Joest Vibratech is an Ohio resident that supplies materials for use in various manufacturing processes.

Defendant North Star Steel is a Minnesota corporation operating a steel mill in Youngstown, Ohio.

This action stems from Defendant North Star Steel's ordering materials as the property owner in a construction project to upgrade the steel mill. Defendant North Star Steel entered into a contract with the primary contractor, Industrial Conveyor Design. Industrial Conveyor Design then hired Plaintiff Joest Vibratech as a subcontractor on the project.

Defendant North Star Steel did not order materials from Plaintiff Joest Vibratech. Instead the primary contractor, Industrial Conveyor Design, ordered the materials. Plaintiff Joest Vibratech says two groups of materials were involved. Plaintiff Joest Vibratech delivered the first shipment to the construction location. As to the materials making up this first

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Although complete diversity did not exist when Plaintiff Joest Vibratech originally filed the action, the plaintiff voluntarily dismissed the State of Ohio parties that precluded total diversity. The Court notes that the county defendants have been dismissed in a separate order. Accordingly, the parties that remain are Plaintiff Joest Vibratech, an Ohio company, and a group of co-defendants whose citizenship includes Minnesota, Kansas, Pennsylvania, and

Michigan. Additionally, the amount in controversy exceeds $75,000.00. Having maintained jurisdiction over the action, the Court discusses only the merits of Defendant North Star Steel's motion for summary judgment.

2. The Court notes that Defendant North Star Steel filed additional materials in support of its motion for summary judgment. Plaintiff Joest Vibratech did not file any such materials.

shipment, Defendant North Star Steel paid primary contractor Industrial Conveyor Design for the work completed and the material supplied in connection with that work. Industrial Conveyor Design later went bankrupt without paying Joest Vibratech for any materials ordered. As to the second group of materials, Plaintiff Joest Vibratech never delivered the second shipment, which remains in storage under the plaintiff's control. Joest Vibratech brings this action to recover payment directly from Defendant North Star Steel.

Plaintiff Joest Vibratech makes claim for a mechanic's lien and foreclosure on that lien, payment for the delivered materials as an intended bencficiary, payment on the account for both delivered and undelivered materials, and quantum meruit for all the materials. On the briefs and evidence submitted by both parties, the Court finds that there is no issue of material fact for trial. Accordingly, the Court grants Defendant North Star Steel's motion for summary judgment.

## II. LEGAL STANDARD

Fed. R. Civ. P. 56(c) states the rule for summary judgment and says in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In considering a motion for summary judgment, the court must view the facts and all inferences drawn in the light most favorable to the non-moving party. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *60 Ivy Street Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir.1987); *SEC v. Blavin,* 760 F.2d 706, 710 (6th Cir.1985). The moving party must conclusively show that no genuine issue of material fact ex-

ists. *See 60 Ivy Street Corp.,* 822 F.2d at 1435.

Factual disputes about matters essential to adjudication preclude the Court from granting summary judgment. *See id.* But not every factual dispute between the parties will prevent summary judgment. Rather, the disputed facts must be material. The facts must be such that, under the substantive law governing the issue, they might affect the outcome of the suit. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The factual dispute must also be genuine. If the facts, once proven at trial, could cause a reasonable jury to return a verdict for the non-moving party, then the court must deny summary judgment. *See id.* at 248, 106 S.Ct. 2505. The non-moving party need not resolve the disputed issues conclusively in its favor, but it must present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *See 60 Ivy Street,* 822 F.2d at 1435 (citing *First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Thus, the judge's function at the summary judgment stage is limited to determining whether the parties submitted sufficient evidence to make the issue a proper jury question, and not to judge the evidence and make findings of fact. *See 60 Ivy Street,* 822 F.2d at 1436.

The Court reviews the motion with these standards in mind.

## III. DISCUSSION

### A. Mechanic's Lien

Defendant North Star Steel says that Plaintiff Joest Vibratech is not entitled to a mechanic's lien because it did not strictly follow the procedures for acquiring the

lien. The Court finds Defendant's argument persuasive.

 To obtain a valid mechanic's lien against real property, a subcontractor must fulfill two requirements. First, he must serve a notice of furnishing on the property owner within twenty-one days of beginning work or delivering materials, provided the owner properly filed a notice of commencement. Second, he must file an affidavit for the lien within seventy-five days from the last date labor was performed or materials delivered. *See* OHIO REV. CODE §§ 1311.05(A), 1311.06(B)(3).

If the land owner files a notice of commencement, and the subcontractor fails to serve a notice of furnishing upon the land owner, the subcontractor has not protected its lien rights. *See* OHIO REV. CODE § 1311.05(A). Defendant North Star Steel properly filed a notice of commencement. *See* OHIO REV. CODE § 1311.04(A)(1). Plaintiff Joest Vibratech concedes that it did not timely serve a notice of furnishing on Defendant North Star Steel. Plaintiff Joest Vibratech claims this failure is excused because Defendant North Star Steel never served its notice of commencement on the plaintiff. However, the Ohio Revised Code requires only that Defendant North Star Steel file the notice of commencement with the County Recorder, not that it serve the subcontractor. *See* OHIO REV. CODE § 1311.04(A)(1).

Defendant North Star Steel is required to serve Plaintiff Joest Vibratech with a notice of commencement only if Joest Vibratech requested such service in writing. *See* OHIO REV. CODE § 1311.04(D). Plaintiff Joest Vibratech failed to reduce its request into writing. Therefore, Defendant North Star Steel was not required to serve a notice of commencement on Joest Vibratech.

Although its request for the notice of commencement was defective, Plaintiff Joest Vibratech could have preserved its rights by serving a notice of furnishing within twenty-one days of beginning labor or delivering materials. *See* OHIO REV. CODE § 1311.05(A). However, Plaintiff Joest Vibratech did not timely serve a notice of furnishing.[3] Therefore, Plaintiff Joest Vibratech failed to preserve its lien rights.[4]

 Ohio courts strictly construe the procedure for procuring a lien. *See West Virginia Electric Supply Co. v. Ohio River Plaza Assoc. Ltd. et al.,* 82 Ohio App.3d 605, 610, 612 N.E.2d 1263 (Ohio Ct.App. 1992). Because Plaintiff Joest Vibratech did not strictly follow the procedures for obtaining a lien, its lien is invalid. Because its lien is invalid, the issue of foreclosure on the lien is moot.

### B. Third Party Beneficiary

 Alternatively to its claim for enforcement of a lien, Plaintiff Joest Vibratech says it was a third-party beneficiary of the contract between North Star Steel and primary contractor, Industrial Conveyor Design. Defendant North Star Steel disputes this claim. The Defendant argues that none of the subcontractors in the project were intended beneficiaries. The Court agrees.

In order to be an intended beneficiary, "the clear terms of the contract" must show that the parties entered the contract for the benefit of the third party. *See Hill*

---

3. Plaintiff Joest Vibratech filed both the notice of furnishing and the affidavit for the mechanic's lien at the same time. Both were filed seventy-five days after the last date of materials delivered or work completed. Consequently, Joest Vibratech untimely filed both the affidavit and the notice of furnishing.

4. Alternatively, even if Plaintiff Joest Vibratech had properly served a notice of furnishing, it did not file a timely affidavit for the lien. Ohio Revised Code § 1311.06 requires that Plaintiff Joest Vibratech file the affidavit within seventy-five days of the last work performed or materials delivered. Plaintiff Joest Vibratech's own exhibit shows that it filed the affidavit for the lien after the seventy-five day period. Consequently, Plaintiff's lien is invalid.

*v. Sonitrol of Southwestern Ohio, Inc.,* 36 Ohio St.3d 36, 40, 521 N.E.2d 780 (1988).[5] If the third party is not an intended beneficiary, it is an incidental beneficiary and does not have enforceable rights under the contract. *See id.*

In sum, "[w]hile it is not necessary for a third party beneficiary to be identified in the contract, the contract must be made and entered into with the intent to benefit the third party." *Doe v. Adkins,* 110 Ohio App.3d 427, 436, 674 N.E.2d 731, 737 (Ohio Ct.App.1996). Upon review, the contract indicates that Plaintiff Joest Vibratech is only an incidental beneficiary.

The 100-plus page contract rarely refers to Plaintiff Joest Vibratech. Although the contract briefly mentions Plaintiff Joest Vibratech in an addendum, that addendum also lists the other subcontractors on the project.

However, the main text of the contract indicates that neither Plaintiff Joest Vibratech, nor any other subcontractor, enjoys the status of an intended beneficiary. Only Defendant North Star Steel and Industrial Conveyor Design are signatories to the contract. Further, Joest Vibratech is not an assignee or successor to a contracting party. And, clause twenty-one on page nine of the contract says that only the contracting parties and their assigns can benefit from the contract.

Second, the last clause on page ten of the contract states that Industrial Conveyor Design cannot put a lien on either the facility or equipment used in the project.[6] That same clause states that Industrial Conveyor Design will indemnify Defendant North Star Steel in the event any subcontractor puts a lien on the property. Although this clause does not disadvantage Joest Vibratech per se, neither does it clearly benefit the plaintiff.

The indemnification clause, coupled with Plaintiff Joest Vibratech's brief mention in the addendum to the contract, indicates that Joest Vibratech is merely an incidental beneficiary. The contract illustrates that the contracting parties were protecting their own interests, and not those of any subcontractor. Therefore, Plaintiff Joest Vibratech has no enforceable rights under the contract.

### C. Payment on Account

■ Plaintiff Joest Vibratech also makes claim on a purported account. Defendant North Star Steel claims it does not have any unpaid accounts with Plaintiff Joest Vibratech. Accordingly, defendant says that Plaintiff Joest Vibratech cannot bring an action against it for payment on account. The Court agrees.

First, Plaintiff Joest Vibratech sent the invoices for the delivered materials to Industrial Conveyor Design, not to Defendant North Star Steel. Second, Defendant

---

5. The Court also notes that Ohio adopted the Restatement Second (Contracts) definition of third party beneficiary contracts. Section 302 of the Restatement states in pertinent part:
 (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intentions of the parties and either
 (a) the performance of the promise will satisfy an obligation of the promisee to pay more money to the beneficiary; or
 (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.
 (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

6. Clause 28 of the contract between Defendant North Star Steel and Industrial Conveyor Design states:

 *Waiver of Lien Rights.* In consideration of the mutual covenants and agreements contained herein, Seller [Industrial Conveyor Design] hereby waives its rights to place or enforce any suppliers', mechanics' or other lien against the Facility or the Equipment, and further agrees to indemnify Buyer [North Star Steel] against any liens or claims which may be placed or enforced against the Facility or Equipment by any of Seller's contractors or suppliers. Upon Buyer's request, Seller agrees to furnish lien waivers from Seller's contractors or suppliers.

North Star Steel already paid for the materials received.[7]

Third, there is no evidence that Defendant North Star Steel was obligated to pay Plaintiff Joest Vibratech, or any other subcontractor, for work completed. The contract required Defendant North Star Steel to pay Industrial Conveyor Design for any subcontractor's work. Under the contract, Industrial Conveyor Design charged a markup on its subcontractors work. If Defendant North Star Steel directly paid Plaintiff Joest Vibratech, then Industrial Conveyor Design would lose this markup. The markup arrangement supports the interpretation that Defendant North Star Steel was to pay only Industrial Conveyor Design, and not Plaintiff Joest Vibratech.

Defendant North Star Steel's obligations pursuant to the contract do not include ensuring that Industrial Conveyor Design pays its subcontractors. Given the above factors, Defendant North Star Steel does not owe Plaintiff Joest Vibratech for unpaid accounts.

### D. Quantum Meruit

Plaintiff Joest Vibratech says it should recover on a theory of unjust enrichment. Defendant North Star Steel says that it has not been unjustly enriched at the expense of Plaintiff Joest Vibratech. North Star Steel claims that it paid Industrial Conveyor Design for all materials used during the construction. Accordingly, Defendant says an injustice would result if it is forced to pay twice for the same materials. The Court agrees.

An action in quantum meruit lies where one party is unjustly enriched at the expense of another other party. Courts balance equities to determine whether unjust enrichment has occurred. See *Buckeye Crude Exploration, Inc. v. Ken Miller Supply Inc.*, 1987 WL 12243 (Ohio App. 4 Dist. 1987). The two most important equities are whether the landowner paid for the materials and whether the subcontractor properly filed for and received a lien. *See id.* No unjust enrichment exists when the landowner pays the primary contractor and the subcontractor fails to obtain a lien on the property. *See id.*

No contract or third party beneficiary agreement exists between Plaintiff Joest Vibratech and Defendant North Star Steel. Consequently, in order for Plaintiff Joest Vibratech to recover, Defendant North Star Steel must have been unjustly enriched at Joest Vibratech's expense. Upon considering the equities, the Court finds no evidence that Defendant North Star Steel was unjustly enriched.

Defendant North Star Steel paid Industrial Conveyor Design for the materials delivered by Plaintiff Joest Vibratech. To require Defendant North Star Steel to pay twice for materials delivered would work an injustice on North Star Steel. Furthermore, Plaintiff Joest Vibratech failed to protect its interests by not properly filing for a lien on the property. It would be unjust to require North Star Steel to pay twice, especially in light of Joest Vibratech's failure to protect its interests.

Plaintiff Joest Vibratech further claims that Defendant North Star Steel owes money for materials which plaintiff has in storage awaiting delivery. The Court does not agree. The construction project is complete, the plant is operational, and further materials are unnecessary.[8] Requiring Defendant North Star Steel to pay for undelivered, and now unnecessary, materials would be unjust enrichment to Plaintiff Joest Vibratech.

Accordingly, the Court finds no genuine issue regarding unjust enrichment on the part of Defendant North Star Steel.

### E. Mediation Clause

The contract between Defendant North Star Steel and Industrial Conveyor Design

---

7. Plaintiff Joest Vibratech does not that Defendant North Star Steel paid Industrial Conveyor Design for the delivered materials.

8. Plaintiff Joest Vibratech does not dispute defendant's claim that the construction is completed.

contains a mediation clause. The clause mandates that the contracting parties will submit any disputes to mediation before filing a court action.

Defendant North Star Steel argues that the mediation clause should be honored in the instant action. Because the contract is between North Star Steel and Industrial Conveyor Design only, defendant cannot invoke the clause against Plaintiff Joest Vibratech. Accordingly, the issue of enforcing the mediation clause is moot.

### III. CONCLUSION

For the reasons stated above, the Court grants Defendant North Star Steel's motion for summary judgment.

IT IS SO ORDERED.

### ORDER

The Court has entered its opinion in the above-captioned matter. For the reasons stated therein, the Court grants Defendant North Star Steel's motion for summary judgment. Accordingly, this action is hereby terminated pursuant to Rule 58 of the Federal Rules.

IT IS SO ORDERED.