**In re Gerald E. CHAFFIN, Debtor.**

**Gerald E. Chaffin, Plaintiff,**

**v.**

**Richard Gladney, Defendant.**

Bankruptcy No. 00–55127.
Adversary No. 01–0099.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Nov. 19, 2001.

Michael T. Gunner, Esq., Hilliard, OH, for Plaintiff/Debtor.

Grady L. Pettigrew, Jr., Esq., Cox, Stein & Pettigrew Co., L.P.A., Columbus, OH, for Defendant.

Frank M. Pees, Worthington, OH, Chapter 13 Trustee.

Office of the U.S. Trustee, Columbus.

## OPINION AND ORDER SUSTAINING PLAINTIFF'S COMPLAINT TO AVOID MECHANIC'S LIEN AND RECONSIDERING DISALLOWANCE OF DEFENDANT'S CLAIM

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the plaintiff's complaint to avoid the defendant's mechanic's lien on the following grounds:

1. The defendant performed no work on the plaintiff's home in the fall of 1998 and was fully paid for all work he performed prior to that time;

2. The defendant failed to serve his affidavit of mechanic's lien upon the plaintiff within thirty (30) days as required by Ohio Revised Code § 1311.07;

3. The defendant failed to file his affidavit of mechanic's lien within sixty (60) days of the last work he performed on the plaintiff's home; and

4. The mechanic's lien is defective because it does not contain the first date the defendant performed work on the plaintiff's home.

The defendant denied that his mechanic's lien was invalid, and the matter was tried to the Court on November 5, 2001.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core matter which

this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(B) and (K).

The only witnesses testifying at trial were the defendant and one of his employees. In addition, Exhibits A through E were admitted without objection. The plaintiff previously had identified himself as a witness and indicated he would testify regarding the work performed or not performed on his residence, the qualify of such work, and the payments he made. The plaintiff, however, did not appear at the trial, and no reason was given for his absence.

Based on the evidence presented, the Court finds that the defendant performed work on the plaintiff's home in October 1998 for which he was not paid. The Court further finds that the value of the material and labor expended for this work was not less than $4,800. The evidence also established that the defendant filed his mechanic's lien within sixty (60) days of the date he last performed work on the plaintiff's home and that he served a copy of the affidavit of mechanic's lien on the plaintiff within the required thirty-day period.

The mechanic's lien affidavit on its face, however, fails to include the first date the plaintiff performed work or furnished materials. Ohio Revised Code § 1311.06(A) specifically requires that this information be included in the affidavit. Each of the requirements set forth in this provision is mandatory and the failure to comply with any of them precludes the attachment of a mechanic's lien. *See In re King*, 37 B.R. 69 (Bankr.S.D.Ohio 1984). Therefore, the Court concludes that the defendant's purported mechanic's lien on the plaintiff's real property is invalid. Accordingly, the Court will enter a separate judgment entry declaring the defendant's mechanic's lien to be null and void.

The Court further determines, however, that the evidence presented at trial constitutes cause for reconsidering the order disallowing the defendant's claim entered on March 26, 2001. *See* 11 U.S.C. § 502(j). Based on the evidence, the equities of this case clearly favor allowance of the defendant's claim as a general unsecured claim. Therefore, the Court **ORDERS** that the defendant's claim for $4,800 be allowed and paid the same dividend as other unsecured claims through the plaintiff's chapter 13 plan.

**IT IS SO ORDERED.**