CHRAPLIWY, Appellant,

v.

SAWYER TOWING, Appellee.

[Cite as *Chrapliwy v. Sawyer Towing,* 179 Ohio App.3d 215, 2008-Ohio-5762.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–080084.

Decided Nov. 7, 2008.

216

A. Brian McIntosh, for appellant.

Harry P. Hellings Jr., for appellee.

Per Curiam.

{¶ 1} Plaintiff-appellant, Keith J. Chrapliwy, parked his 1999 Isuzu Rodeo in a privately owned parking lot of a vacant building on Winton Road in Cincinnati to advertise it as being for sale. Defendant-appellee, Sawyer Towing, towed the Rodeo without authorization from the parking-lot owner and placed it in its own storage lot. After noticing that the Rodeo was missing, Chrapliwy contacted the parking-lot owner, who denied towing it. Chrapliwy then contacted the police and reported the vehicle stolen.

{¶ 2} Six days later, Sawyer Towing informed Chrapliwy that it had towed the Rodeo and apprised Chrapliwy of the vehicle's location on its lot. Although Sawyer Towing did not prevent Chrapliwy from retrieving his Rodeo, he did not do so.

{¶ 3} About a month after Sawyer Towing had removed the Rodeo, Chrapliwy sued for its return and sought monetary damages for loss of use and the loss of a sale. Sawyer Towing counterclaimed, seeking as damages the cost of towing and storing the Rodeo. The case was assigned to a magistrate, who granted Sawyer

Towing's request for a continuance over Chrapliwy's objection. At the time of the trial, Sawyer Towing had possessed the vehicle for over 200 days.

{¶ 4} The magistrate found that Sawyer Towing had acted improperly because it had towed the Rodeo without authorization from the parking-lot owner. But the magistrate found that Chrapliwy had not proved any damages and that he had breached his duty to mitigate his damages by failing to retrieve the Rodeo from Sawyer Towing's lot after he had been notified of its location. Because Chrapliwy had failed to "mitigate his damages," the magistrate awarded Sawyer Towing the amount sought in its counterclaim, less the towing fee and the storage fees incurred before it had notified Chrapliwy.

{¶ 5} Chrapliwy filed objections, arguing that the magistrate's decision in favor of Sawyer Towing on its counterclaim was contrary to law. Chrapliwy did not challenge any factual findings by the magistrate.

{¶ 6} The trial court initially sustained the objections in an entry but did not enter a final judgment on the claims. Upon further review, the trial court overruled the objections, adopted the magistrate's decision, and additionally ordered the release of the Rodeo to Chrapliwy.

{¶ 7} Chrapliwy now appeals the trial court's judgment. We have recast the arguments in his brief to raise the following assignment of error: the trial court erred in overruling Chrapliwy's objections to the magistrate's decision. Sawyer Towing has not submitted a brief and did not appear at oral argument.[1]

{¶ 8} Chrapliwy argues that the trial court erred in applying the mitigation-of-damages doctrine to support the award of damages to Sawyer Towing on the counterclaim. Further, he argues that there was no basis in law or in equity to support the judgment for Sawyer Towing on the counterclaim. We agree.

{¶ 9} The trial court essentially invoked the mitigation-of-damages doctrine to make Chrapliwy liable for Sawyer Towing's alleged damages—storage fees. Chrapliwy did not claim damages for the storage costs. Thus, the court used the mitigation-of-damages doctrine not as it was intended, to reduce the damages claimed by Chrapliwy, but improperly, to support Sawyer Towing's counterclaim for damages.

{¶ 10} Moreover, the judgment for Sawyer Towing on the counterclaim had no support in law or in equity based upon the undisputed facts. Although the magistrate held that Sawyer Towing had not prevented Chrapliwy from retrieving the vehicle, the court did not find any express or implied agreement for storage by Chrapliwy, who wanted his vehicle returned. Further, Sawyer Towing failed to prove that Chrapliwy had an obligation to pay based upon a

---

1. See App.R. 18(C).

statutory lien because the tow was unauthorized.[2] And as we have already noted, Chrapliwy did not have an obligation to mitigate Sawyer Towing's alleged damages. Finally, the facts did not support an award of damages under the equitable remedy of quantum meruit.

{¶ 11} An action for quantum meruit seeks the value of services rendered in the absence of a contract and is governed by the principles of equity.[3] To recover, a claimant must show that he conferred a benefit on another and that the circumstances render it unjust and inequitable to permit the other to retain the benefit without paying for it.[4] And the claimant must have clean hands with respect to the subject matter of the claim.[5]

{¶ 12} The factual findings of the magistrate adopted by the trial court did not support an equitable award of storage fees. Sawyer Towing conferred no benefit to Chrapliwy, who wanted delivery of his vehicle so that he could sell it.

{¶ 13} Additionally, Sawyer Towing's unclean hands created the condition that it complained was inequitable. After wrongfully taking Chrapliwy's Rodeo,[6] Sawyer Towing did not deliver the vehicle to Chrapliwy; delivery means returning the vehicle to its rightful owner. Sawyer Towing merely notified Chrapliwy of the location of the vehicle on its lot and challenged Chrapliwy's demand for possession with a counterclaim for towing and storage fees. Thereafter, Sawyer Towing delayed the trial date, significantly increasing the storage fees. Under these circumstances, Sawyer Towing failed to demonstrate any inequity in allowing Chrapliwy to retain the "benefit" without paying for it.

{¶ 14} As the record did not support the magistrate's decision for Sawyer Towing on the counterclaim, we hold that the trial court erred as a matter of law in adopting it. Thus, we sustain the assignment of error. Accordingly, we reverse that part of the trial court's decision and enter judgment in favor of Chrapliwy on the counterclaim.

Judgment accordingly.

PAINTER, P.J., and HENDON and CUNNINGHAM, JJ., concur.

---

2. See R.C. 4513.60(B)(2).

3. *Natl. City Bank v. Fleming* (1981), 2 Ohio App.3d 50, 57, 2 OBR 57, 440 N.E.2d 590.

4. Id. See also *Fairfield Ready Mix v. Walnut Hills Assoc. Ltd.* (1988), 60 Ohio App.3d 1, 3, 572 N.E.2d 114; *State Farm Ins. Co. v. Halley River Jones*, 11th Dist. No. 2002–P–0063, 2003-Ohio-4035, 2003 WL 21750630, at ¶ 9.

5. See *Kinner v. Lake Shore & Michigan S. RR. Co.* (1904), 69 Ohio St. 339, 69 N.E. 614, paragraph one of the syllabus.

6. See R.C. 4513.60(G)(2) (creating criminal liability for an unauthorized tow).